**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

HISCOX INSURANCE COMPANY INC., and )
HISCOX SYNDICATES LIMITED, )
                                                      )
       Plaintiffs, )
                                                      )
v. ) Case No. 4:20-cv-00237-NKL
                                                      )
WARDEN GRIER, LLP, )
                                                      )
      Defendants. )
                                                      )

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO PARTIAL MOTION TO DISMISS**

# TABLE OF CONTACTS

INTRODUCTION ..................................................................................................................1
ARGUMENT........................................................................................................................1
    I.    On a Motion to Dismiss, the Court is Required to Accept Plaintiffs' Factual Allegations as True and Draw All Reasonable Inferences in Favor of Plaintiffs. ..........2
    II.    Counts I, II and III Do Not Collapse Into a Claim For Legal Malpractice.....................2
    III.    Because it is Pleaded in the Alternative, Count II is Not Barred by the Allegation That There Was an Express Contract. .................................................................................7
    IV.    To the Extent the Court Concludes Plaintiffs Are *Really* Pursuing a Malpractice Claim, They Should Be Permitted to Prosecute It Under Either a Breach of Contract Theory or a Negligence Theory. .................................................................................................9
    V.    Any Dismissal Should Be Without Prejudice. ...........................................................11
CONCLUSION..................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Meglemre*,
    738 S.W.2d 931 (Mo. App. W.D. 1987) ............................................................................. 4

*Beare v. Yarbrough*,
    941 S.W.2d 552 (Mo. App. E.D. 1997) .............................................................................. 7

*Beshears v. Wood*,
    No. 3:17-05048-CV-RK, 2017 WL 6397496 (W.D. Mo. Dec. 14, 2017) ........................... 3

*Boyd v. Lane*,
    869 S.W.2d 305 (Mo. App. E.D. 1994) .............................................................................. 7

*Coin Acceptors, Inc. v. Havestock, Garrett & Roberts LLP*,
    405 S.W.3d 19 (Mo. App. E.D. 2013) ................................................................................ 4

*Data Mfg., Inc. v. United Parcel Serv., Inc.*,
    557 F.3d 849 (8th Cir. 2009) .............................................................................................. 2

*Donahue v. Shughart, Thomson & Kilroy, P.C.*,
    900 S.W.2d 624 (Mo. banc 1995) ............................................................................. *passim*

*Forthem, LLC v. City of Clever*,
    No. 12-04047-CV-S-JTM, 2013 WL 1727936 (W.D. Mo. Apr. 22, 2013) ...................... 11

*Fuller v. Partee*,
    540 S.W.3d 864,869 (Mo. App. W.D. 2018) ..................................................................... 5

*Guarantee Elec. Const. Co. v. LVC Technologies, Inc.*,
    No. 4:05CV89489 JCH, 2006 WL 950204 (E.D. Mo. Apr. 10, 2006) ............................... 7

*Hercules Inc. v. United States*,
    516 U.S. 417 (1996) ........................................................................................................... 8

*Hurt v. Williams*,
    Case No. 6:18-03391-CV-S-SRB, 2020 WL 3051607 (W.D. Mo. Jun. 8,
    2020) .................................................................................................................................. 2

*Johnson v. Casey's General Stores, Inc.*,
    116 F. Supp. 3d 944 (W.D. Mo. 2015) ............................................................................... 2

*Klemme v. Best*,
    941 S.W.3d 493 (Mo. Banc 1997) ............................................................................ *passim*

*Nickel v. Stephens College*,
    480 S.W.3d 390 (Mo. App. W.D. 2015) ...................................................................8

*Northeast Credit Union v. CUMIS Ins. Soc., Inc.*,
    Civil No. 09-cv-88-SM, 2010 WL 2108296 (D.N.H. May 24, 2010) .....................5

*PPW Royalty Trust v. Barton*,
    14-00513-CV-W-BP, 2015 WL 13263507 (W.D. Mo. Jan. 30, 2015) ................3, 4

*Roper v. Clanton*,
    258 S.W.2d 283 (Mo. Ct. App. 1953) .....................................................................8

*Rosemann v. Sigillito*,
    785 F.3d 1175 (8th Cir. 2015) .................................................................................7

*Saad v. Rodriguez*,
    30 Ohio App. 3d 156, 506 N.E.2d 1230 (Ohio Ct. App. 1986) ...............................5

*Stalk v. Mushkin*,
    125 Nev. 21, 199 P.3d 838 (Nev. 2009) ..................................................................5

*Steward v. Goetz*,
    945 S.W.2d 520 (Mo. App. E.D. 1997) ...................................................................4

*Thompson by Thompson v. Gilmore*,
    888 S.W.2d 715 (Mo. App. S.D. 1994) .................................................................10

**Other Authorities**

Federal Rule of Civil Procedure 8 ....................................................................... 7, 8, 9

Federal Rule of Civil Procedure 12(b)(6) ...................................................................2

17A AM. JUR. 2d Contracts § 14 (2015) .....................................................................8

Plaintiffs, Hiscox Insurance Company Inc. and Hiscox Syndicates Limited ("Plaintiffs"), respectfully submit this opposition to the *Partial Motion to Dismiss* filed by Defendant Warden Grier, LLP ("Defendant").

## INTRODUCTION

Defendant's motion boils down to a simple argument: that when a client or former client sues its law firm, the ***only*** cause of action permitted is for legal malpractice. This argument is misplaced and ignores the actual facts underlying Plaintiffs' causes of action. Plaintiffs ***are*** suing their former attorneys—not for the quality of their legal advice, but rather, for the inadequacy of their data-security practices and their failure to timely notify their clients of a breach of confidential information. There is no legally coherent reason to treat this action any differently than any other action against an outside vendor that promised to secure a customer's data, and then failed to do so, and elected not to disclose that failure to the client with the hope that the client would never discover the breach. Plaintiffs discovered the breach on their own, and Defendant's motion is without merit.

## ARGUMENT

Defendant's *Partial Motion to Dismiss* seeks dismissal of Count I (breach of contract), Count II (breach of implied contract), and Count III (breach of fiduciary duty). Defendant's primary argument against all three is that, as a matter of law, those three claims collapse into Count IV, which Defendant contends is a *de facto* legal malpractice claim. Defendant additionally contends that Count II is barred by the allegation that there was an express contract. Neither of these arguments withstands serious scrutiny.

1

WA 14903170.1

Case 4:20-cv-00237-NKL   Document 16   Filed 06/15/20   Page 5 of 16

**I.     On a Motion to Dismiss, the Court is Required to Accept Plaintiffs' Factual Allegations as True and Draw All Reasonable Inferences in Favor of Plaintiffs.**

Defendant's recitation of the basic law relating to a motion to dismiss under Rule 12(b)(6), leaves out two important details.  First, the Court is required to operate under the assumption that the facts alleged in the complaint are true.  *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) ("The factual allegations of a complaint are assumed true[.]"); *Johnson v. Casey's General Stores, Inc.*, 116 F. Supp. 3d 944, 946 (W.D. Mo. 2015) ("In analyzing a motion to dismiss, a court must accept Plaintiff's well-pleaded allegations as true.")  Second, the Court is required to give Plaintiffs the benefit of the doubt with respect both to how the factual allegations are construed and to all reasonable inferences that may be drawn from those facts.  *See Data Mfg.*, 557 F.3d at 851 ("The factual allegations of a complaint are … construed in favor of the plaintiff[.]"); *Hurt v. Williams*, Case No. 6:18-03391-CV-S-SRB, 2020 WL 3051607, at *2 (W.D. Mo. Jun. 8, 2020) ("When deciding a motion to dismiss, the Court must 'accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.'"), quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).

**II.    Counts I, II and III Do Not Collapse Into a Claim For Legal Malpractice.**

Defendant's main argument is that Counts I-III, which assert claims for breach of express contract, breach of implied contract, and breach of fiduciary duty, are barred because those claims arise from Defendant's "negligent performance of professional services" and that, as a matter of law, Plaintiffs are restricted solely to a claim for legal malpractice.  *See* Doc. 12 at 4; *see also id.* at 6-7.[1]  Defendant's theory relies on a misinterpretation of the relevant precedent and ignores the fact that, although Defendant is a law firm, Plaintiffs' claims do not actually arise out of

---

[1]     For reasons that are unclear to Plaintiffs, Defendant effectively presents this argument twice, in Section III(A) and III(C) of its suggestions in support.  For the sake of clarity and concision, Plaintiff will respond to both arguments simultaneously.

2

WA 14903170.1

Case 4:20-cv-00237-NKL     Document 16     Filed 06/15/20     Page 6 of 16

Defendant's provision of legal services, and instead arise from the more mundane area of Defendant's data security practices and Defendant's willful decision to not notify its clients, including Plaintiffs, when their data was compromised.

The principal Missouri case Defendant cites for the proposition that a current or former client may not sue its attorney under any theory besides legal malpractice in fact says exactly the opposite. *See Klemme v. Best*, 941 S.W.3d 493, 496 (Mo. Banc 1997) ("Clients may sue their attorneys for torts other than legal malpractice.") The *Klemme* court did note that, under the right set of circumstances, a breach of fiduciary duty claim *might* collapse into a legal malpractice claim. *See id.* ("If the alleged breach can be characterized as both a breach of the standard of care (legal malpractice based on negligence) and a breach of a fiduciary obligation (constructive fraud), then the sole claim is legal malpractice.") But the *Klemme* court also expressly held that this would ***not*** occur if the breach of fiduciary claim were not duplicative of a claim for legal malpractice. *Id.* ("*Donahue* does not, however, preclude an action for breach of fiduciary duty of constructive fraud where the alleged breach is independent of any legal malpractice.") The other cases Defendant cite hold likewise. *See Beshears v. Wood*, No. 3:17-05048-CV-RK, 2017 WL 6397496, at *3 (W.D. Mo. Dec. 14, 2017) ("If the alleged breach can be characterized as both a breach of the standard of care (***legal malpractice*** based on negligence) and a breach of a fiduciary obligation, then the sole claim is legal malpractice. However, a plaintiff may bring separate claims for legal malpractice and constructive fraud where the alleged breach of fiduciary duty is independent of any ***legal malpractice***.") (emphasis added, citations to *Klemme* omitted); *PPW Royalty Trust v. Barton*, 14-00513-CV-W-BP, 2015 WL 13263507, at *13 (W.D. Mo. Jan. 30, 2015) (noting that a breach of fiduciary duty claim against an attorney ***can*** exist, so long as it is not duplicative of a claim for legal malpractice).

3

WA 14903170.1

Case 4:20-cv-00237-NKL   Document 16   Filed 06/15/20   Page 7 of 16

The relevant question under *Klemme* and its progeny, then, is whether Count III is duplicative of a claim for legal malpractice. Defendant, citing the similarities between the factual allegations underlying Count III and Count IV, contends that it is. *See* Doc. 12 at 6. The problem with Defendant's argument is that Count IV does not assert a claim for legal malpractice. Instead, Count IV asserts a claim for negligence in the performance of one of the additional, non-legal services Defendant agreed to provide to Plaintiffs, in this case data storage.

A claim for legal malpractice is one that flows from an attorney's failure to provide adequate or appropriate ***legal*** advice or services. This is why, for example, Missouri courts have tied the damages element required for a cause of action for legal malpractice to failure to prevail in some underlying dispute. *See, e.g., Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 626 (Mo. banc 1995) ("The four elements of a legal malpractice action are: '(1) an attorney-client relationship existed; (2) the attorney acted negligently or in breach of contract; (3) such acts were the proximate cause of the client's damages; and (4) but for the attorney's conduct, ***the client would have been successful in the prosecution of the [underlying] claim***.") (alteration in original, emphasis added), quoting *Boatwright v. Shaw*, 804 S.W.2d 795, 796 (Mo. App. E.D. 1990); *see also PPW Royalty Trust*, 2015 WL 13263507, at *8 (same); *Coin Acceptors, Inc. v. Havestock, Garrett & Roberts LLP*, 405 S.W.3d 19, 24 (Mo. App. E.D. 2013) (same); *Steward v. Goetz*, 945 S.W.2d 520, 532 (Mo. App. E.D. 1997) ("In a legal malpractice case, negligence alone does not warrant a recovery for plaintiff; there must also be damage proximately resulting from an attorney's ***legal*** malpractice…. To prove damages and causation the plaintiff must establish that, 'but for' the attorney's negligence, the result of the underlying proceeding would have been different.") (emphasis added). Similarly, this is why evidence demonstrating that a law firm "provided no legal advice … and did not bill … for any services surrounding this transaction" is

4

sufficient to defeat a malpractice claim – because the gravamen of a claim for *legal* malpractice is the provision of *legal* services. *See Anderson v. Meglemre*, 738 S.W.2d 931, 933 (Mo. App. W.D. 1987). It is not the case that *any* negligence claim brought against an attorney can be brought only as a malpractice claim. No one would imagine that a personal injury claim, for example, would need to be prosecuted as a malpractice claim simply because the tortfeasor was an attorney and the victim was his client.[2]

As courts in other jurisdictions have noted, law firms often provide non-legal services as well as legal services, and suits arising out of those non-legal services are not malpractice claims. *See, e.g., Stalk v. Mushkin*, 125 Nev. 21, 30 n.3, 199 P.3d 838, 844 (Nev. 2009) (claims against an attorney arising from the provision of non-legal services are governed by the statute of limitations for ordinary negligence rather than the special statute of limitations for legal malpractice); *Saad v. Rodriguez*, 30 Ohio App. 3d 156, 158-59, 506 N.E.2d 1230, 1233 (Ohio Ct. App. 1986) (trial court had "erred when it determined that any alleged misconduct on the part of Weinberger and the firm would constitute legal malpractice" where attorney and firm had also functioned as escrow agents with respect to the underlying matter); *see also Northeast Credit Union v. CUMIS Ins. Soc., Inc.*, Civil No. 09-cv-88-SM, 2010 WL 2108296, at *4-5 (D.N.H. May 24, 2010) (holding, in bond-coverage litigation where coverage turned on the question of whether legal services were being provided, that provision of escrow services by title company owned by attorney "constituted escrow, not legal, services" and there was therefore no coverage).

---

[2] *Fuller v. Partee*, 540 S.W.3d 864,869 (Mo. App. W.D. 2018), which merely recites the elements of a malpractice claim in the context of evaluating whether one of the two co-plaintiffs were third-party beneficiaries of the contract between the attorney and the other plaintiff, is not to the contrary. Nothing in *Fuller* suggests that all negligence claims by a client against an attorney that do not arise out of the attorney's provision of legal advice or other services are nevertheless required to be pursued as legal malpractice claims.

Here, the negligence alleged in Count IV is not negligence in the provision of legal advice or of legal services, such as drafting pleadings or contracts. Rather, it is negligence in the provision of the separate, non-legal data-storage services Defendant agreed to provide. The gravamen of the underlying duty was a duty to maintain Plaintiffs' data as secure. *See, e.g.* Doc. 1 at ¶ 9 ("Warden Grier requested, received, created and/or otherwise obtained highly sensitive, confidential, and proprietary information, including protected health and personally identifiable information belonging to Hiscox and/or Hiscox's insureds[.]"); *id.* at ¶ 10 ("As per its contractual, legal, ethical, and fiduciary duties, Warden Grier was obligated to take adequate measures to protect sensitive PI belonging to its clients, including Hiscox and Hiscox's insureds, and to notify Hiscox of any failure to maintain the confidentiality of PI belonging to Hiscox and its insureds."); *id.* at ¶ 45 ("Warden Grier owed a duty of reasonable care to protect client PI, including PI belonging to Hiscox and its insureds). The breach alleged was a violation of *those* duties, not the provision of inadequate or inappropriate legal advice or any negligence in the provision of legal services in any particular underlying proceeding. *See id.* at ¶ 49 ("Warden Grier's conduct as described herein, namely, its failure to protect the PI, to adequately investigate the 2016 Data Breach, and to advise Hiscox that PI was compromised, constituted a breach of that duty of reasonable care.") This is not a claim for legal malpractice; rather, it is a claim for negligence in the performance of the separate, non-legal duties Defendant owed Plaintiffs in its capacity as a repository of their documents and data. The fact that Defendant was also simultaneously serving as Plaintiffs' attorney does not *ipso facto* transform this claim into one for legal malpractice.

The same logic also applies to Counts I and II, which assert claims for breach of express and implied contract, respectively. Because Count IV does not assert a claim for legal malpractice, Counts I and II are not duplicative of a malpractice claim, and consequently are not barred either

6

WA 14903170.1

Case 4:20-cv-00237-NKL   Document 16   Filed 06/15/20   Page 10 of 16

by *Klemme* or by *Rosemann v. Sigillito*, 785 F.3d 1175 (8th Cir. 2015), which applied *Klemme*. *See id.* at 1181 ("negligent performance of professional services" to client); *see also Donahue*, 900 S.W.2d at 629 (breach claim not for violation of contract to deliver checks, but negligence "in performing professional obligations to Stockton.").[3] Thus, Defendant's motion should be denied with respect to Counts I and II as well.

Because the underlying claim in Count IV is not a claim for legal malpractice, Counts I-III by definition cannot be duplicative of a claim for legal malpractice. Consequently, they are not precluded by *Klemme* or *Rosemann,* and Defendant's *Partial Motion to Dismiss* should be denied.

**III. Because it is Pleaded in the Alternative, Count II is Not Barred by the Allegation That There Was an Express Contract.**

Count II – which is expressly presented as being asserted in the alternative (*see* Doc. 1 at 7) and which alleges a claim for breach of implied contract – is not barred by the allegations in Count I that there were express contracts between Plaintiffs and Defendant. "Rule 8(d)'s liberal policy favors allowing Plaintiff to proceed on alternative theories." *Doug Volz v. Provider Plus, Inc., Jeff Serafin*, No. 4:15cv0256 TCM, 2015 WL 3621113, at *4 (E.D. Mo. Jun. 9, 2015). A plaintiff may sue under theories of both express and implied contract, even though it can ultimately recover under only one. *See Guarantee Elec. Const. Co. v. LVC Technologies, Inc.*, No. 4:05CV89489 JCH, 2006 WL 950204, at *2 (E.D. Mo. Apr. 10, 2006) ("Because a party may set forth two or more claims alternatively when it does not know upon what precise theory the evidence may entitle recovery, it is settled law that joining a count based on an expressed contract with a count based on *quantum meruit* does not create an inconsistency."); *Boyd v. Lane*, 869 S.W.2d 305, 307 (Mo. App. E.D. 1994) ("An express contract and an implied contract may be

---

[3] *Beare v. Yarbrough*, 941 S.W.2d 552 (Mo. App. E.D. 1997), which like *Donahue* was cited by *Rosemann*, did not involve a contract claim. *See id.* at 557 (discussing whether fiduciary duty claim collapsed into malpractice claim).

7

pleaded in the alternative without the pleading being struck for insufficiency."). Plaintiffs believe that there are express contracts that govern their relationship with Defendant as to the subject matter of the suit and that those contracts provide a basis for their claims. They also believe that, in the event the Court concludes that for whatever reason there was no express contract, the course of dealing between the parties suffices to establish an implied-in-fact contract that would supply a basis for Count II. Under Federal Rule 8(d), they may allege this claim in the alternative.

And Plaintiffs have indeed pleaded a valid claim for an implied contract in fact as an alternative to their express contract claim. "An agreement implied in fact is 'founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from the conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996), quoting *Baltimore & Ohio R. Co. v. United States*, 261 U.S. 592, 597 (1923); *see also Roper v. Clanton*, 258 S.W.2d 283, 288 (Mo. Ct. App. 1953) ("A contract implied in fact is one not expressed by the parties, but implied from facts and circumstances showing a mutual intention to contract.") "There is no difference in legal effect between an express contract and one implied in fact. The distinction lies merely in the manner of manifesting mutual assent.'" *Nickel v. Stephens College*, 480 S.W.3d 390, 397 n.6 (Mo. App. W.D. 2015), quoting *Bailey v. Interstate Airmotive, Inc.*, 219 S.W.2d 333, 338 (Mo. 1949). "When determining whether an implied contract exists, the courts will consider the parties' acts, conduct, and statements as a whole; whether there was a meeting of the minds on the agreement's essential elements; the parties' intent to enter into a contract upon defined terms; and whether one of the parties has relied in good faith upon the alleged contract." *Nickel*, 480 S.W.3d at 397 n.6, quoting 17A AM. JUR. 2d Contracts § 14 (2015).

Plaintiffs' allegations suffice under this standard. They have alleged an ongoing relationship between Plaintiffs and Defendant. *See* Doc. 1 at ¶¶ 7, 34. They have alleged that the parties at least tried to enter into binding express contracts, which suffices both to establish that the parties intended "to enter into a contract upon defined terms" and that "there was a meeting of the minds on the agreement's essential elements" even if the contract fails for other reasons. *See id.* at ¶¶ 8, 35. They have alleged that as part of that overall agreement, Defendant agreed to store – and in doing so to safeguard and protect – the confidential information it received from Plaintiffs, including having in place appropriate protocols to address any data breach it might encounter and promptly notifying Plaintiffs in the event of a problem. *See id.* at ¶¶ 10, 26-29, 31, 37. They have alleged that as part of this relationship Plaintiffs provided, and Defendant accepted, "highly sensitive, confidential, and proprietary information belonging to Hiscox and/or Hiscox's insureds[.]" *Id.* at ¶ 9. They have also alleged that it paid Defendant for these services. *See id.* at ¶ 35. These allegations are sufficient to set out Plaintiffs' good faith reliance on the implied agreement with Defendant.

Plaintiffs believe that express contracts exist and govern and they fully anticipate that there is every likelihood that their express contract claim, Count I, will be the rubric under which their contractual claims are decided. That said, under Federal Rule 8(a), they are entitled to allege, as an alternative theory, the parties' course of dealing establishes a contract implied in fact that binds Defendant. The *Partial Motion to Dismiss* should be denied as to Count II for this additional reason.

**IV.**     **To the Extent the Court Concludes Plaintiffs Are *Really* Pursuing a Malpractice Claim, They Should Be Permitted to Prosecute It Under Either a Breach of Contract Theory or a Negligence Theory.**

Plaintiffs have asserted four claims: breach of express contract, breach of implied contract, breach of fiduciary duty and negligence. Defendant contends that the fourth claim, for negligence,

9

WA 14903170.1

Case 4:20-cv-00237-NKL   Document 16   Filed 06/15/20   Page 13 of 16

is *really* an attorney malpractice claim, and that all three other claims collapse into it under the rule enunciated in *Klemme* and its progeny. For the reasons stated above, this contention lacks merit. But even if the Court does accept the argument that the gravamen of Plaintiffs' action is actually attorney malpractice, Plaintiffs are entitled to pursue such a claim under either a negligence or a breach of contract theory, and the *Partial Motion to Dismiss* should still be denied, at least as to Counts I and II.

"Legal malpractice can be based either upon negligence or breach of contract." *Thompson by Thompson v. Gilmore*, 888 S.W.2d 715, 716 (Mo. App. S.D. 1994). "The four elements of a legal malpractice action are: '(1) that an attorney-client relationship existed; (2) that the defendant acted negligently ***or in breach of contract***; (3) that such acts were the proximate cause of the plaintiffs' damages; (4) that but for defendant's conduct the plaintiffs would have been successful in prosecution of the [underlying] claim.'" *Donahue*, 900 S.W.2d at 626 (emphasis added, alteration in original), quoting *Boatwright*, 804 S.W.2d at 796. "A legal malpractice action thus is founded on an attorney's duty to exercise due care ***or to honor express contract commitments***." *Klemme*, 941 S.W.2d at 495 (emphasis added). A plaintiff asserting a malpractice claim may sue under both theories simultaneously. *See Thompson*, 888 S.W.2d at 716.

Plaintiffs have alleged, and Defendant does not dispute, that the parties had in place a pair of contracts that governed their relationship. *See* Doc. 1 at ¶ 8; Doc. 12 at 1-2. Plaintiffs have alleged that Defendant breached the contracts by failing to adequately secure the data with which it was entrusted from a data breach and then, once that data breach occurred, by failing to adequately respond to it (including by hiding the breach from Plaintiffs). *See* Doc. 1 at ¶¶ 30-31, 36-37. Plaintiffs contend that the promises that were breached relate to non-legal services Defendant was providing and that the breach of contract claim is not therefore a claim for attorney

10

WA 14903170.1

Case 4:20-cv-00237-NKL    Document 16    Filed 06/15/20    Page 14 of 16

malpractice. Defendant, in its motion, disagrees. But even assuming *arguendo* that the contractual duties that give rise to the breach of contract claim in fact relate to the provision of legal services – and the claim is therefore in fact a malpractice claim – Plaintiffs are entitled to pursue that claim not only under a negligence theory, but also under a breach of contract theory for the reasons discussed above. Defendant cannot use its motion to force Plaintiffs to pursue a negligence-only malpractice theory. Even if this case were, in reality, just an attorney malpractice suit, Plaintiffs would still be able to pursue such malpractice under both a breach of contract theory and a negligence theory. For this reason the *Partial Motion to Dismiss* should be denied as to Counts I and II, even if the Court agrees that this action is genuinely just a suit for attorney malpractice.

## V.     Any Dismissal Should Be Without Prejudice.

Although Plaintiffs believe the *Partial Motion to Dismiss* should be denied in its entirety, to the extent that the Court is inclined to dismiss any Count, such dismissal should be without prejudice, so that Plaintiffs can later have the opportunity to seek leave to amend to file a new version of the dismissed Count that addresses any concerns the Court has. The ordinary rule in the Eighth Circuit is that a party should be given at least one opportunity to amend. *See Forthem, LLC v. City of Clever*, No. 12-04047-CV-S-JTM, 2013 WL 1727936, at *3 (W.D. Mo. Apr. 22, 2013).

## CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss should be denied in its entirety.

Respectfully submitted,

Spencer Fane LLP

By  */s/Daniel E. Blegen*
Daniel E. Blegen,           MO #47276
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 292-8823
(816) 474-3216 (fax)
Email:  dblegen@spencerfane.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

On June 15, 2020, a copy of this document was filed utilizing the Court's electronic CM/ECF case filing system, which provides service to all counsel of record.

/s/Daniel E. Blegen
Attorney for Plaintiffs