UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HISCOX INSURANCE COMPANY INC. and HISCOX SYNDICATES LIMITED | ) ) ) |
| Plaintiffs, | ) Case No. 4:20-cv-00237-NKL ) ) |
| vs. | ) ) |
| WARDEN GRIER, LLP | ) ) |
| Defendant. | ) ) |

**WARDEN GRIER'S MOTION FOR SUMMARY JUDGMENT**

Defendant Warden Grier, LLP, through undersigned counsel, respectfully requests that this Court grant summary judgment in its favor as to Plaintiff's remaining causes of action: breach of fiduciary duty and negligence. In support of its Motion, Warden Grier states:

1. This matter involves a data breach of a server at the Warden Grier law firm.

2. Hiscox originally asserted four claims: (I) Breach of Contract, (II) Breach of Implied Contract; (III) Breach of Fiduciary Duty, and (IV) Negligence.

3. Hiscox has dropped its contract claims completely and revised its breach of fiduciary duty and negligence claims and is no longer pursuing these theories against Warden Grier for "allowing the data breach to occur or in its data security practices, policies, or procedures."

4. "Whether characterized as breach of fiduciary duty or constructive fraud, the elements of such a claim are: (1) an attorney-client relationship; (2) breach of a fiduciary obligation by the attorney; (3) proximate causation; (4) damages to the client; (5) no other recognized tort encompasses the facts alleged." *Klemme v. Best*, 941 S.W.2d 493, 496 (Mo. 1997).

5. The fiduciary duty claim fails as a matter of law because:

1

a. Hiscox has stated that its claims do not arise out of Warden Grier's provision of legal services but rather its decision to not notify Hiscox when the data was compromised and if Warden Grier is deemed to be equivalent to a data storage provider, then no fiduciary relationship exists; and

b. If Hiscox is now asserting its breach of fiduciary duty claim against the Warden Grier as its attorneys, then its claim fails because Warden Grier took reasonable and ethical measures to protect Hiscox data from being publicly released after the data breach and Hiscox has suffered no injuries as a result of not learning of the breach until 2018.

6. "In any action for negligence, the plaintiff must establish the existence of a duty on the part of the defendant to protect plaintiff from injury, failure of the defendant to perform that duty and, that plaintiff's injury was proximately caused by defendant's failure." *Krause v. U.S. Truck Co., Inc.*, 787 S.W.2d 708, 710 (Mo. 1990).

7. The negligence claim fails because the contract claims have been dropped, no other common law duty exists (other than the fiduciary duty which fails), and Hiscox cannot demonstrate that Warden Grier breached any statutory duties.

8. Hiscox's claim that Warden Grier was negligent when it failed to comply with the Missouri data breach statute fails as a matter of law because the Missouri data breach statute does not allow a private cause of action. R.S.Mo. § 407.1500.4.

9. Furthermore, Hiscox cannot assert a negligence claim based on any statutory duty created by other states' data breach statutes or for any alleged failure to comply with those statutes as related to Hiscox insureds or individuals.

2

10. Both the fiduciary duty and negligence claims fail because Hiscox has suffered no injury from the data breach and its alleged damages are not recoverable under Missouri law.

   a. Hiscox has admitted to a government regulator that the breach "has not materially harmed, and is not reasonably likely to materially harm, any material part of Hiscox's normal operations."

   b. The alleged "damages" are out-of-pocket costs incurred by Hiscox to meet its own legal obligations and, as such, are not viable as actual damages suffered as a result of a legally recognized injury.

11. To the extent that Hiscox seeks common law indemnification from Warden Grier, this too fails as a matter of law because Hiscox, as insurers, had their own legal obligations which were different than those of Warden Grier's duties to its clients. In the absence of identical duties, a claim for indemnification fails.

12. For these reasons, as further discussed in Warden Grier's Suggestions in Support of its Motion for Summary Judgment filed contemporaneously herewith, the Court should grant summary judgment in favor of Warden Grier on all claims.

13. In further support of its Motion, Warden Grier has filed in conjunction herewith its Statement of Facts and supporting exhibits.

WHEREFORE, Defendant Warden Grier, LLP seeks an Order granting summary judgment in its favor and against Plaintiffs Hiscox Insurance Company, Inc. and Hiscox Syndicates Limited on all claims.

Dated: September 15, 2021                    Respectfully submitted,

                                             */s/ Andrea S. McMurtry*
                                             HORN AYLWARD & BANDY, LLC
                                             Robert A. Horn MO #28176
                                             Andrea S. McMurtry MO #62495
                                             2600 Grand Blvd., Suite 1100
                                             Kansas City, MO 64108
                                             Telephone: 816-421-0700
                                             Facsimile: 816-421-0899
                                             rhorn@hab-law.com
                                             amcmurtry@hab-law.com

                                             *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, the foregoing was served through the Court's CM/ECF notification system, which will provide service to all counsel of record.

                                             *s/ Andrea S. McMurtry*
                                             *Attorney for Defendant*