HISCOX INSURANCE COMPANY, INC. )
and HISCOX SYNDICATES LIMITED )
           )
    Plaintiffs,   )
           ) Case No.  4:20-cv-00237-NKL
vs.          )
           )
WARDEN GRIER, LLP   )
           )
    Defendant.   )
           )

## **FIRST AMENDED MEMO ON PRETRIAL CONFERENCE**

**I. Pretrial Conference setting**

Pursuant to Fed. R. Civ. P. 16, an initial pretrial conference will be held in the above-captioned matter on March 16, 2022 at 9:00 a.m via video teleconference.

**Counsel**

The following counsel will appear at the pretrial conference and will try the case:

A. For Plaintiffs:

  Daniel E. Blegen,
  Michael W. Seitz
  Spencer Fane LLP
  1000 Walnut, Suite 1400
  Kansas City, MO 64106
  (816) 292-8823
  (816) 474-3216 (fax)
  dblegen@spencerfane.com
  mseitz@spencerfane.com

B. For Defendant:

  Robert A. Horn
  Andrea S. McMurtry
  Horn Aylward & Bandy, LLC
  2600 Grand Blvd., Suite 1100

KC 18261039.1

Kansas City, MO 64108
816-421-0700
816-421-0899 (fax)
rhorn@hab-law.com
amcmurtry@hab-law.com

## II.    Statement of the Case

The parties provide the following competing background statement for presentation to the jury pool at voir dire:

### PROPOSED BY HISCOX

This is a civil case brought by plaintiffs Hiscox Insurance Company, Inc. and Hiscox Syndicates Limited against defendant Warden Grier LLP. Hiscox claims Warden Grier committed professional negligence, in its role as Hiscox's attorney, after Warden Grier learned in early 2017 that it suffered a data breach that included information from Hiscox's client files. Specifically, Hiscox alleges Warden Grier was negligent by failing to review or analyze data that was potentially compromised in the data breach to identify personally identifiable information (or "PII") and then failing to notify Hiscox or Hiscox's policyholders of the PII from Hiscox's client files that was potentially compromised. Warden Grier denies the allegations and contends Hiscox has no recoverable damages. It will be your duty to decide from the evidence whether Hiscox is entitled to a verdict against Warden Grier.

### PROPOSED BY WARDEN GRIER

This is a civil case brought by plaintiffs Hiscox Insurance Company, Inc. and Hiscox Syndicates Limited against defendant Warden Grier LLP. Hiscox claims Warden Grier committed professional negligence, in its role as Hiscox's attorney, concerning a 2017 data breach  by international criminals known as The Dark Overlord. Specifically, Hiscox alleges

Warden Grier was negligent by failing to analyze data that was potentially stolen in the data breach to identify personally identifiable information (or "PII") and not informing Hiscox of the specific PII from Hiscox's client files that was potentially compromised. Warden Grier denies the allegations and contends Hiscox has no recoverable damages. Warden Grier was not at fault in allowing the data breach to occur or in its data security practices, policies or procedures. It will be your duty to decide from the evidence whether Hiscox is entitled to a verdict against Warden Grier.

### III.    Stipulation of Facts

The parties agree that the following facts are true and undisputed:

1. Warden Grier LLP ("Warden Grier") is a four lawyer Kansas City-area law firm. **Hiscox objects to the phrase "four lawyer" as irrelevant and argumentative.**
2. Sometime in December, 2016 and February, 2017, one or more persons claiming to be affiliated with an international hacker organization called "The Dark Overlord" gained unauthorized access to one of Warden Grier's computer servers.
3. While in Warden Grier's computer server, The Dark Overlord copied data from Warden Grier's computer server, which may have included data from Hiscox's client files.
4. Warden Grier learned about the data breach on February 14, 2017, when the hackers contacted Warden Grier to demand a ransom payment.
5. In late March, 2018, someone claiming to be the same hackers contacted Hiscox making references to a data breach. Hiscox contacted Warden Grier about those communications, and Warden Grier confirmed the breach of Warden Grier's computer server.

### V.    Exhibits

The parties submit the following lists of exhibits and objections.[1]

---

[1] The Categories of Objections are defined as follows:

A: The parties agree that these exhibits shall be considered to be already in evidence at the trial without further offer, proof, or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed in this column are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

B: The parties want to introduce into evidence these exhibits as to which all foundation, identification, and authenticity objections are waived, but to which an opposing party otherwise objects on the grounds noted. It is further agreed that any exhibit listed in this column may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

KC 18261039.1

| Plaintiff(s) Exhibits | Objections | Category A, B, C | Offered | Admitted (A), or Not Admitted (NA) |
|---|---|---|---|---|
| 34. 7/9/2018 E-mail from Tara Bodden forwarding agenda for Meeting to discuss Key Decisions and Cooley Recommendations (Depo Ex. 34) | | A | | |
| 53. 5/1/2018 E-mail from David Navetta to Josh Hass re: Document Review (Depo Exs. 53 & 98) | | A | | |
| 57. 5/14/2018 Additional Cooley Process Documentation (Depo Ex. 57) | | A | | |
| 82. Project Harry Costs Spreadsheet (Depo Ex. 82) | Foundation, irrelevant– FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| 83. Epiq Systems Invoices (Depo Ex. 83) | Foundation, irrelevant– FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| 84. 7/23/2018 Invoice for Services from Charles River (Depo Ex. 84) | Foundation, irrelevant– FRE 403 as unfair prejudice, | C | | |

C:  The parties want to introduce into evidence these exhibits to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this column may be used by any other party provided that the party establishes the exhibit is otherwise admissible.

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| | confusing the issues, and misleading the jury | | | |
| **85. 7/23/2018 Invoice for Services from Cooley (Depo. Ex. 85)** | Foundation, irrelevant– FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **86. 5/22/2018 Brunswick Invoice for Communications Support (Depo Exs. 17 and 86)** | Foundation, irrelevant– FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **102. Limited Liability Partnership Statement of Qualification for Warden Triplett Grier (Depo Ex. 102)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **103. General Partnership/Limited Liability Partnership Agreement for Warden Triplett Grier (Depo Ex. 103)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **104. Warden Grier LLP Annual Report - 2019 (Depo Ex. 104)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **105. Application for Registration of Warden Grier LLP (Depo Ex. 105)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **106. Administrative Cancellation of Warden Grier LLP (Depo Ex. 106)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **107. 1/27/2021 Warden Grier's Answers to First Interrogatories (Depo Ex. 107)** | | A | | |
| **108. 2/14/2017 E-mail from Brent LaPointe to Kailee Kuehn re: Jeffrey Donathan Scam Email (Depo Ex. 108)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **109. 2/14/2017 Chronological Text Messages between Jim Warden and Mike Grier (Depo Ex. 109)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **110. 2/18/2017 Chronological Text Messages between Jim Warden and Mike Grier  (Depo Ex. 110)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **111. 2/17/2017 E-mail from Peter Sloan to Michaela Warden forwarding Draft Notice to Client (Depo Ex. 111)** | | A | | |
| **112. 2/17/2017 E-mail from Peter Sloan to Michaela Warden forwarding Draft Notification to Individuals and Summary of MO and KS Statutes (Depo Ex. 112)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **113. 2/18/2017 from Jim Warden to Mike Grier re: Coin Sites (Depo Ex. 113)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **114. 2/22/2017 E-mail from Jim Warden to Mike Grier forwarding draft Response to Peter Sloan Request (Depo Ex. 114)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **115. 2/27/2017 from Jim Warden to Peter Sloan forwarding a data breach Memo (Depo Ex. 115)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **116. 2/27/2017 from Jim Warden to Peter Sloan forwarding a Security Incident Memo (Depo Ex. 116)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |

7

| | | | | |
|---|---|---|---|---|
| **117. 6/13/2017 E-mail string between Mike Grier and Nyugen Friar (Depo Ex. 117)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **118. 2/26/2018 E-mail string between Peter Sloan and Jim Warden Communications with TDO (Depo Ex. 118)** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **119. 3/30/2018 Text Messages re: Hacker Threatening to Contact Hiscox (Depo Ex. 119)** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **120. 4/1/2018 E-mail from Kris Kuehn to Jim Warden re: Topic to be Reserved for Discussion (Depo Ex. 120)** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **121. 5/19/2018 E-mail between Mike Grier and Kailee Kuehn re: Switching to Kansas Entity (Depo Ex. 121)** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **122. 4/9/2018 E-mail from Kate Yamashita to Jim Warden forwarding Spreadsheet Search Hits Referencing Hiscox (Depo Ex. 122)** | | A | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **123. 4/12/2018 E-Mail from Jeremy Pinchin to Jim Warden re: Restriction of Search by Warden Grier (Depo Ex. 123)** | Calls for speculation, calls for hearsay, lack of foundation | C | | |
| **124. 2/14/2017 Hacker Extortion Email (Depo Ex. 124)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **125. 2/14/2017 Chronological Text Messages between Brent LaPointe and Mike Grier (Depo Ex. 125)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay, insurance | C | | |
| **126. 2/17/2017 E-mail between Mike Grier and Jeffrey Donathan regarding Bitcoin Payment Option (Depo Ex. 126)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **127. 2/17/2017 E-mail from Mike Grier to The Hartford (Depo Ex. 127)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Insurance | C | | |
| **128. 2/18/2017 E-mail from Jeffrey Donathan to Mike Grier forwarding Index of Files Taken (Depo Ex. 128)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and | C | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| | misleading the jury<br>Hearsay | | | |
| **129.** 2/18/2017 E-mail from Jeffrey Donathan to Mike Grier forwarding Index of Archived Files Taken (Depo Ex. 129)<br>2/18/2017 E-mail from Jeffrey Donathan to Mike Grier forwarding Index of Archived Files Taken (Depo Ex. 129) | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury<br>Hearsay | C | | |
| **130.** 2/20/2017 Chronological Text Messages between Mike Grier, Chris Snow and Kris Kuehn regarding signing TDO Contract (Depo Ex. 130) | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **131.** 2/20/2017 E-mail from Mike Grier to Jeffrey Donathan forwarding signed TDO Contract (Depo Ex. 131) | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury<br>Hearsay | C | | |
| **132.** 4/4/2017 E-mail from Jeffrey Donathan to Mike Grier finalizing transaction (Depo Ex. 132) | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury<br>Hearsay | C | | |
| **133.** 4/4/2017 Chronological Text Messages between Mike Grier and Jim Warden (Depo Ex. 133) | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **134. 9/25/2017 E-mail discussing request by Hacker to be paid for "vouching" for them (Depo Ex. 134)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **135. 2/7/2018 E-mail string between Hacker and Mike Grier regarding corresponding with FBI (Depo Ex. 135)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **136. 2/7/2018 E-mail string between Hacker and Mike Grier regarding Payment due to corresponding with FBI (Depo Ex. 136)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **137. 2/23/2018 E-mail string between Hacker and Mike Grier re: Punishment for Talking to FBI (Depo Ex. 137)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **138. 3/12/2018 Email from Brent LaPointe forwarding text correspondence from Hacker (Depo Ex. 138)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **139. 3/28/2018 E-mail from Hacker to Mike Grier re: passing some** | Irrelevant* | C | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **materials to journalists (Depo Ex. 139)** | FRE 403 as unfair prejudice, confusing the issues, and misleading the jury<br>Hearsay | | | |
| **140. 3/29/2018 E-mail from Hacker to Mike Grier re: Notification to Hiscox of Breach (Depo Ex. 140)** | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury<br>Hearsay | C | | |
| **141. 3/31/2018 E-mail from Mike Grier to Jim Warden and Kris Kuehn re: My View Remains the Same (Depo Ex. 141)** | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **142. 3/31/2018 E-Mail from Jeremy Pinchin to Mike Grier re: Do Not Click Link (Depo Ex. 142)** | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **143. 3/29/2018 Hacker e-mail to Hiscox re: Warden Grier's Analysis (Depo Ex. 143)** | Irrelevant*<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury<br>Hearsay | C | | |
| **144. 4/10/2018 Chronological Text Messages between Jim Warden and Mike Grier (Depo Ex. 144)** | Irrelevant<br>FRE 403 as unfair prejudice, confusing the | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| | issues, and misleading the jury | | | |
| **145. 12/27/2018 Email from Hacker to Mike Grier re: Ignoring us (Depo Ex. 145)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **146. Index of Hiscox Files (Depo Ex. 146)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **147. List of Files of Root of R Drive (Depo Ex. 147)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **148. List of Files at R:\Shares\data (Depo Ex. 148)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury If shown or provided to jury, should be redacted for all but the "Hiscox Database" row as all other rows identify Warden Grier clients not | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| | at issue in this litigation | | | |
| **149. List of Database File that Appears to be Associated with Hiscox (Depo Ex. 149)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **150. List of Files Related to Warden Grier at R\Shares\data (Depo Ex. 150)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury If shown or provided to jury, should be redacted in its entirety as none of the folders or files relate to Hiscox and Murphy testified that this exhibit was "to show that other potential clients or cases of Warden Grier have folders on the R:\drive that had been modified recently" 61:25-62:3 which is not relevant to the issues in the case | B | | |
| **151. List of Files and Folders at R\Shares\Apps\Docs\Claims\2178** | Irrelevant* FRE 403 as unfair prejudice, | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **Modified after 7/1/2016 Related to Hiscox (Depo Ex. 151)** | confusing the issues, and misleading the jury | | | |
| **152. List of File Modified after 7/1/2016 at R\Shares\Apps\Docs\WTGDocs which appear to be related to Hiscox (Depo Ex. 152)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **153. 3/6/2017 Parameter Security Invoice (Depo Ex. 153)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **154. 2/6/2018 E-Mail from Mike Grier to Jim Warden and Kris Kuehn re: Contact by TDO regarding Contact with FBI (Depo Ex. 154)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | B | | |
| **155. 2/7/2018 E-Mail from Mike Grier to Kris Kuehn re: TDO Claim of Warden Grier Contact with FBI (Depo Ex. 155)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **156. 3/13/2018 E-Mail from Mike Grier to Kris Kuehn, Chris Snow and Jim Warden asking how to Respond to TDO Claim (Depo Ex. 156)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |

KC 18261039.1

| | Hearsay | | | |
|---|---|---|---|---|
| **157. 4/1/2018 E-Mail from Jim Warden to Mike Grier and Kris Kuehn re: Security Breach (Depo Ex. 157)** | | A | | |
| **159. 4/17/2018 Draft of Jim Warden's Responses to Loyd's of London's Request for Information (Depo Ex. 159)** | | A | | |
| **160. 3/1/2017 Invoice from Peter Sloan/Information Governance Group (Depo Ex. 160)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **161. 2/28/2017 E-mail from Peter Sloan to Jim Warden re: Outline of Data Breach (Depo Ex. 161)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **162. 2/28/2017 E-mail from Peter Sloan to Jim Warden forwarding Summary of State Data Breach Notification Statutes (Depo Ex. 162)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **163. 4/5/2017 E-mail from Jim Warden to Jeff Jensen FBI request for Keycodes used by TDO (Depo Ex. 163)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **164. 2/26/2018 E-mail from Jim Warden to Peter Sloan** | Irrelevant FRE 403 as unfair prejudice, | C | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **requesting Sloan call Jensen (Depo Ex. 164)** | confusing the issues, and misleading the jury<br>Hearsay | | | |
| **165. 3/20/2018 E-mail from Mike Grier to Peter Sloan re: Notes given to Media Outlets (Depo Ex. 165)** | Irrelevant<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **166. 3/23/2018 E-Mail from Mike Grier to Peter Sloan forwarding emails from hacker (Depo Ex. 166)** | Irrelevant<br>FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **167. 4/4/2018 E-mail from Peter Sloan to Mike Grier re: Draft Changes to Notice to Clients (Depo Ex. 167)** | Insurance, irrelevant as to Cytek – FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **168. 7/2/2021 Invoice from Peter Sloan/Information Governance (Depo Ex. 168)** | | A | | |
| **169. Hiscox - Cooley Procedure and Process Summary Overview (27 April 2018) (Depo Ex. 169)** | | A | | |
| **170. Hiscox Review Protocol April 2018 (Depo Ex. 170)** | | A | | |
| **171. 7/10/2018 E-Mail from Josh Hass to various recipients re CRA | Project Harry | Update, with attachments (Depo Ex. 171)** | | A | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| 172. 5/4/2018 notification letter from Ben Walter to Berkshire Property Agents (Depo Ex. 172) | | A | | |
| 173. 11/15/2018 notification letter from Ben Walter to Accelerated Health Systems LLC (Depo Ex. 173) | | A | | |
| 174. 04/20/2018 E-mail from Erin Locker to Amy Yung, Ben Walter, and others re Data analysis summary - Friday, April 20 (Depo Ex. 174) | | A | | |
| 175. 05/1/2018 E-mail from David Navetta to Tara Bodden re Notification Obligations/Decisions (Depo Ex. 175) | | A | | |
| 176. 5/9/2018 E-mail from Erin Locker to David Navetta and others re Data Analysis Summary - Tuesday, May 9 (Depo Ex. 176) | | A | | |
| 177. 6/19/2018 letter from Yenifer Parada to David Schonbrun attaching CRA invoice for service rendered through May 31, 2018 (Depo Ex. 177) | Foundation, irrelevant (FRE 403 as unfair prejudice, confusing the issues, and misleading the jury), hearsay | C | | |
| 178. 10/22/2018 notification letter from Bronek Masojada to Avalon Health Care (HIC003406) | | A | | |
| 179. Warden Grier's (Verified) Answers and Objections to Plaintiff's First Set of Interrogatories | | A | | |

18

| | | | | |
|---|---|---|---|---|
| **180. Bulk mailing of notification letters Epiq JobID 314257-O01 (EPIQ0000001)** | | A | | |
| **181. Bulk mailing of notification letters Epiq JobID 321430-O01 (EPIQ0000089)** | | A | | |
| **182. Bulk mailing of notification letters Epiq JobID 323636-O01 (EPIQ0000209)** | | A | | |
| **183. Bulk mailing of notification letters Epiq JobID 342038-O01 (EPIQ0000215)** | | A | | |
| **184. Compilation of notification letters dated 11/15/2018 (EPIQ0000289)** | | A | | |
| **185. 10/22/18 notification letter from Bronek Masojada to Longwood Management Corp (HIC003426)** | | A | | |
| **186. American Bar Association Formal Opinion 483** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |
| **187. 3/17/2018 email from Jim Warden to Mike Grier re We're Saddened (WGR002374)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **188. 6/16/2017 email from Nyugen Friar to Mike Grier re Cheers (WGR002441)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | C | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| | Hearsay | | | |
| **189. 6/12/207 email from Nyugen Friar to Mike Grier re Cheers (WGR002451)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **190. 4/6/207 email from Mike Grier to Jim Warden and Kris Kuehn re Survey (WGR002452)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury Hearsay | C | | |
| **191. Hiscox Access Database (native) (WGR004527)** | Irrelevant* FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **192. 5/1/2018 email from Josh Hass to various recipients re CRA \| Project Harry \| Update, with attachments (HIC001031)** | | A | | |
| **193. Expert Report of Amy Reeder Worley** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **194. Curriculum Vitae of Amy Reeder Worley** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| | misleading the jury | | | |
| **195. Expert Report of Mary Braden Murphy** | Irrelevant FRE 403 as unfair prejudice, confusing the issues, and misleading the jury | B | | |
| **Exhibits identified or offered into evidence by Warden Grier** | | | | |
| **Exhibits offered for unanticipated rebuttal or impeachment** | | | | |

*Denotes exhibits that are subject to the Court's ruling on Warden Grier's motions *in limine*

| **Defendant's Exhibits** | Objections | Category A, B, C | Offered | Admitted (A), or Not Admitted (NA) |
|---|---|---|---|---|
| **2. HIC005233-5243 (Depo. Ex. 2)** | | A | | |
| **3. HIC005223—5232 (Depo. Ex. 3)** | | A | | |
| **11. Hiscox Responses to Requests for Admissions (Depo. Ex. 11)** | FRE 402 (relevance) FRE 403 (prejudice, confusion) Hiscox MIL No. 10 | B | | |
| **15. HIC002837-2841 (Depo. Ex. 15)** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **19. HIC005451-5452 (Depo. Ex. 19)** | FRE 402 (relevance) FRE 403 (prejudice, confusion) Hiscox MIL No. 8 | B | | |
| **20. HIC003353 (Depo. Ex. 20)** | FRE 402 (relevance) | B | | |
| **21. HIC005364 (Depo. Ex. 21)** | | A | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **29. HIC000242 (Depo. Ex. 29)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion) | B | | |
| **30. HIC002977-2979 (Depo. Ex. 30)** | | A | | |
| **31. HIC005757 (Depo. Ex. 31)** | FRE 402 (relevance)<br>Foundation | C | | |
| **32. HIC003219-3225 (Depo. Ex. 32)** | FRE 402 (relevance)<br>Foundation | C | | |
| **33. HIC003226—3228 (Depo. Ex. 33)** | | | | |
| **34. HIC005502-5509 (Depo. Ex. 34)** | | A | | |
| **35. HIC001209-1210 (Depo. Ex. 35)** | | A | | |
| **38. HIC004180 (Depo. Ex. 38)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion | B | | |
| **39. HIC004095-4096 (Depo Ex. 39)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion) | B | | |
| **42. HIC004005-4006 (Depo. Ex. 42)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>Hiscox MIL Nos. 5, 6, 7 | B | | |
| **46. HIC000372-373 (Depo Ex. 46)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion) | B | | |
| **47. HIC004099-4100 (Depo Ex. 47)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion) | B | | |
| **50. HIC004101-4102 (Depo Ex. 50)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion) | B | | |
| **52. HIC001180 (Depo. Ex. 52)** | | A | | |
| **54. HIC000410-412 (Depo. Ex. 54)** | FRE 402 (relevance) | B | | |
| **56. HIC000015 (Depo. Ex. 56)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion) | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **57. HIC003552-3557 (Depo. Ex. 57)** | | A | | |
| **58. HIC005523-5525 (Depo. Ex. 58)** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **65. HIC003140-3146 (Depo. Ex. 65)** | | A | | |
| **66. HIC005519-5521 (Depo. Ex. 66)** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **68. HIC004265 (Depo. Ex. 68)** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **74. HIC005596 (Depo. Ex. 74)** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **87. HIC003801-3802 (Depo Ex 87)** | FRE 402 (relevance) | B | | |
| **89. HIC003417-3420 (Depo. Ex. 89)** | | A | | |
| **96. HIC000555-556 (Depo Ex. 96)** | | A | | |
| **122. WGR000577-579 (Depo. Ex. 122)** | | A | | |
| **159. WGR003025-3028 (Depo Ex 159)** | FRE 402 (relevance) FRE 802 (hearsay) | B | | |
| **202. HIC005587-5589 (Depo. Ex. 202)** | | A | | |
| **301. C.R.S.A. § 6-1-716 Notification of security breach** | FRE 402 (relevance) FRE 802 (hearsay) Foundation | C | | |
| **302. 815 ILCS 530/1, 530/5, 530/10 excerpts from Illinois Personal Information Protection Act** | FRE 402 (relevance) FRE 802 (hearsay) Foundation | C | | |
| **303. HIC001173-175** | | A | | |
| **304. HIC003442, 4396, 3539, 3519, 3512, 3494, 3525, 3471, 3472, 5639, 3416** | FRE 402 (relevance) FRE 403 (prejudice, confusion) FRE 802 (hearsay) Foundation | C | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **305. HIC004961— HIC004963 and Dec. 9, 2010 Pro Edge/Trans Ova email with attachments** | FRE 402 (relevance) FRE 403 (prejudice, confusion) FRE 802 (hearsay) Foundation Documents not produced in discovery | C | | |
| **306. Complaint** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **307. HIC000029-31; HIC000038-42; HIC000044-45; HIC000047-49; HIC000051-79** | | A | | |
| **308. HIC000047-79** | | A | | |
| **309. HIC000144** | FRE 402 (relevance) | B | | |
| **310. HIC000244-0246** | | A | | |
| **311. HIC000465-467** | | A | | |
| **312. HIC000954, HIC000961** | | A | | |
| **313. HIC000981-1015** | | A | | |
| **314. HIC001021** | | A | | |
| **315. HIC001039** | | A | | |
| **316. HIC001048** | | A | | |
| **317. HIC001058** | FRE 402 (relevance) | B | | |
| **318. HIC001173** | | A | | |
| **319. HIC001284** | | A | | |
| **320. HIC001420** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **321. HIC001438** | | A | | |
| **322. HIC001446** | | A | | |
| **323. HIC002873-2880** | FRE 402 (relevance) | B | | |
| **324. HIC003137** | FRE 402 (relevance) | B | | |
| **325. HIC003866** | FRE 402 (relevance) | B | | |
| **326. HIC004120** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **327. HIC004274-4275** | FRE 402 (relevance) | B | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **328. HIC004276** | FRE 402 (relevance) FRE 403 (prejudice, confusion | B | | |
| **329. HIC004277** | FRE 402 (relevance) FRE 403 (prejudice, confusion | B | | |
| **330. HIC004610-4612** | FRE 402 (relevance) | B | | |
| **331. HIC004621** | FRE 402 (relevance) | B | | |
| **332. HIC004961-4963** | FRE 402 (relevance) | B | | |
| **333. HIC005188-5189** | FRE 402 (relevance) FRE 403 (prejudice, confusion) FRE 408 (hearsay) | B | | |
| **334. HIC005375** | FRE 402 (relevance) | B | | |
| **335. HIC005408** | FRE 402 (relevance) | B | | |
| **336. HIC005463-65** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **337. HIC005615-5616** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **338. HIC005751** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **339. HIC005838** | | A | | |
| **340. HIC005848-5865** | FRE 402 (relevance) FRE 403 (prejudice, confusion) FRE 407 (subs. remedial meas.) Hiscox MIL No. 7 | B | | |
| **341. EPIQ0000198** | | A | | |
| **342. EPIQ0000211** | | A | | |
| **343. EPIQ0000217** | | A | | |
| **344. EPIQ0000455** | | A | | |
| **345. WGR000034** | FRE 402 (relevance) FRE 802 (hearsay) | B | | |
| **346. WGR000127-0128** | | A | | |
| **347. WGR000155-156** | | A | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **348. WGR000449** | FRE 402 (relevance) FRE 403 (prejudice, confusion) FRE 802 (hearsay) | B | | |
| **349. WGR000509** | FRE 402 (relevance) FRE 802 (hearsay) | B | | |
| **350. WGR000702-0703** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **351. WGR000733-737** | FRE 402 (relevance) FRE 403 (prejudice, confusion) Hiscox MIL No. 8 | B | | |
| **352. WGR000917** | FRE 402 (relevance) | B | | |
| **353. WGR000939** | FRE 402 (relevance) FRE 802 (hearsay) | B | | |
| **354. WGR000948** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **355. WGR000988** | | A | | |
| **356. WGR000991-0993** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **357. WGR001026** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **358. WGR001063-1064** | FRE 402 (relevance) | B | | |
| **359. WGR001218-1221** | FRE 402 (relevance) FRE 403 (prejudice, confusion) FRE 802 (hearsay) | B | | |
| **360. WGR001244-1246** | | A | | |
| **361. WGR002236-2241** | FRE 402 (relevance) | B | | |
| **362. WGR002290** | FRE 402 (relevance) | B | | |
| **363. WGR002351** | | A | | |
| **364. WGR002765** | FRE 402 (relevance) FRE 403 (prejudice, confusion) | B | | |
| **365. WGR002811** | FRE 402 (relevance) | B | | |
| **366. WGR002855-2856** | | A | | |
| **367. WGR002857-2860** | | A | | |
| **368. WGR002861-2884** | | A | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **369. WGR002991** | FRE 402 (relevance)<br>FRE 802 (hearsay) | B | | |
| **370. WGR004497-4531** | | A | | |
| **371. WGR004645-4647** | FRE 402 (relevance) | B | | |
| **372. Hiscox Guernsey video (Native)** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion | B | | |
| **373. Expert Report of Edward D. Robertson, Jr.** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>FRE 802 (hearsay)<br>Hiscox MIL Nos. 1, 4, 5, 6, 8, 10 | B | | |
| **374. Edward D. Robertson, Jr. Curriculum Vitae** | FRE 402 (relevance)<br>FRE 802 (hearsay) | B | | |
| **375. Expert Report of Michael Downey** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>FRE 802 (hearsay)<br>Hiscox MIL Nos. 1, 2, 5, 6, 10 | B | | |
| **376. Michael Downey Curriculum Vitae** | FRE 402 (relevance)<br>FRE 802 (hearsay) | B | | |
| **377. Expert Report of Peter Sloan** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>FRE 802 (hearsay)<br>Hiscox MIL Nos. 1, 5, 6, 7, 8, 10 | B | | |
| **378. Peter Sloan Curriculum Vitae** | FRE 402 (relevance)<br>FRE 802 (hearsay) | B | | |
| **379. Criminal Docket USA v. Wyatt; E.D. Mo. Case No. 4:17-cr-00522** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>FRE 802 (hearsay)<br>Foundation | C | | |
| **380. Indictment USA v. Wyatt; E.D. Mo. Case No. 4:17-cr-00522** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>FRE 802 (hearsay)<br>Foundation | C | | |

KC 18261039.1

| | | | | |
|---|---|---|---|---|
| **381. HIC004672** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>Foundation | C | | |
| **382. HIC003480** | FRE 402 (relevance) | B | | |
| **383. HIC005344** | FRE 402 (relevance)<br>FRE 802 (hearsay) | B | | |
| **384. All invoices for performed on behalf of Hiscox by Amy Reeder Worley** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>FRE 802 (hearsay) | B | | |
| **385. All invoices for performed on behalf of Hiscox by Mary Braden Murphy** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>FRE 802 (hearsay) | B | | |
| **386. WGR000781-798** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>Foundation | C | | |
| **387. HIC005454-5456** | FRE 402 (relevance) | B | | |
| **388. WGR000538-539** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>Foundation | C | | |
| **389. WGR001114-1115** | FRE 402 (relevance)<br>FRE 403 (prejudice, confusion)<br>Foundation | C | | |
| **Exhibits identified or offered into evidence by Hiscox** | | | | |
| **Exhibits offered for unanticipated rebuttal or impeachment** | | | | |
| **Demonstrative Exhibits for Experts TBD** | | | | |
| **Demonstrative Exhibits for Opening TBD** | | | | |
| **Demonstrative Exhibits for Closing TBD** | | | | |

KC 18261039.1

## VI. Witnesses

A. Plaintiff's witnesses (list witnesses and addresses, and indicate which witnesses are testifying by deposition):

1. J. Michael Grier, 2702 W. 66th Ter., Mission Hills, KS 66208
2. Kristopher Kuehn, 13865 Horton Dr., Overland Park, KS 66223
3. Mary Braden Murphy, c/o Stroz Friedberg, 200 E. Randolph St., 10th Floor, Chicago, IL 60601
4. David Navetta (by deposition), c/o Cooley LLP, 1144 15th St., Suite 2300, Denver, CO 80202
5. Jeremy Pinchin, Acorn House, 11 Beedingwood Dr., Colgate, Horsham, West Sussex, RH12 4TE, United Kingdom
6. Benjamin Walter, 65 Round A Bend Rd., Tarrytown, NY 10591
7. Amy Reeder Worley, c/o Berkeley Research Group, LLC, 316 W. Millbrook Rd., Suite 101, Raleigh, NC 27609

B. Defendant's witnesses (list witnesses and addresses, and indicate which witnesses are testifying by deposition):

1. James M. Warden
   9517 Davenport Street
   Omaha, NE 68114

2. Jeremy Pinchin (live and/or by deposition)
   Acorn House, 11 Beedingwood Dr.
   Colgate, Horsham
   West Sussex, RH12 4TE, United Kingdom

3. Benjamin Walter (live and/or by deposition)
   65 Round A Bend Rd.
   Tarrytown, NY 10591

4. Tara Bodden (by deposition)
   General Counsel & Head of Claims
   c/o At-Bay, Inc.
   196 Castro St., Suite A
   Mountain View, CA 94041

5. Amy Yung (by deposition)
   c/o At-Bay, Inc.
   196 Castro St., Suite A
   Mountain View, CA 94041

KC 18261039.1

6. Peter Sloan
   c/o Information Governance Group LLC
   4324 Belleview, Suite 201
   Kansas City, MO 64111

7. Edward D. Robertson, Jr.
   c/o Bartimus, Frickleton, Robertson, Rader P.C.
   4000 W. 114th St., Suite 310
   Leawood, KS 66211

8. Michael P. Downey
   c/o Downey Law Group LLC
   49 North Gore Ave., Suite 2
   St. Louis, MO 63119

## VII. Factual Issues

A. Plaintiff's factual issues:

1. The elements of a professional negligence claim against an attorney are (1) an attorney-client relationship; (2) negligence or breach of contract by the attorney; (3) proximate causation of client's damages; and (4) damages to the client. *See Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. banc 1997)

   The attorney-client relationship is not disputed here. Therefore, in accordance with Instr. Nos. 21.01, 21.02 & 19.01 of the Missouri Approved Jury Instructions (Civil) (2021), Hiscox intends to submit the following factual issues to establish liability for professional negligence: (1) whether Warden Grier's conduct after learning of the data breach in 2017 failed to comply with the standards of Warden Grier's profession and was thereby negligent, and (2) whether such negligence caused or directly contributed to cause damages to Hiscox.

2. The amount necessary to fairly and justly compensate Hiscox for damages sustained as a direct result of Warden Grier's negligent conduct, for purposes of awarding compensatory damages. For its compensatory damages, Hiscox intends to offer vendor costs it incurred to respond to the data breach and that Hiscox contends it would not have incurred but for Warden Grier's negligence. Hiscox believes the parties will dispute whether various aspects of those costs resulted from Warden Grier's negligence, a fact issue to be resolved by the jury.

3. Whether Warden Grier's conduct showed complete indifference to or conscious disregard for the rights of others, for purposes of assessing liability for punitive damages.

KC 18261039.1

4. What sum of punitive damages should be awarded to punish Warden Grier and to deter Warden Grier and others from like conduct, for purposes of quantifying punitive damages.

B.    Defendant's factual issues:

1. Plaintiffs will not be able to establish foundation for the introduction of Charles River Associates invoices, Epiq invoices, or the Brunswick invoice as none of the witnesses designated by Plaintiffs can testify to the reasonableness or necessity of the charges.

2. Whether the standard of care required Warden Grier to perform the Hiscox Analysis (identification of individuals names with personally identifiable information and states of residence) for the benefit of Hiscox.

3. If Warden Grier was negligent in failing to perform the Hiscox Analysis (identification of individuals names with personally identifiable information and states of residence) for the benefit of Hiscox, whether such negligence caused injury to Plaintiffs.

4. If Warden Grier was negligent in failing to perform the Hiscox Analysis (identification of individuals names with personally identifiable information and states of residence) for the benefit of Hiscox, whether Plaintiffs incurred any damages.

5. Whether Warden Grier's conduct showed complete indifference to or conscious disregard for the rights of others, for purposes of assessing liability for punitive damages.


## VIII.  Legal Issues

A.    Plaintiff's legal issues:

1. The Court resolved Warden Grier's dispositive legal theories on summary judgment. Hiscox is not currently aware of additional dispositive legal questions that are likely to arise at trial or of legal disputes over elements of the cause of action.

2. In its motions in limine, however, Warden Grier interprets the Court's summary judgment order to wall off certain categories of evidence, including any facts relating to Warden Grier's communications with the hackers, the extortion, the paying of ransom, the decision not to notify clients in 2017, or any other evidence related to how Warden Grier responded to the hack in 2017. To Hiscox's knowledge, Warden Grier is not conceding liability. So it is unclear

KC 18261039.1

to Hiscox why it should be barred from offering evidence of Warden Grier's decision-making in 2017, especially when it is was those decisions that caused Hiscox to have to perform the review and notification process itself in 2018. Hiscox believes Warden Grier is misinterpreting the Court's summary judgment order and misconstruing the cause of action.

3. Relatedly, Warden Grier recently informed Hiscox that two of its principals—Mike Grier and Kris Kuehn—are unwilling to testify at trial and may not comply with a trial subpoena. Warden Grier says Grier and Kuehn are now "irrelevant" and points to various conflicts the witnesses supposedly have surrounding the trial date.

   Grier and Kuehn are both within the subpoena power of the Court. *See* Fed. R. Civ. Proc. 45(c)(1)(A) (subpoena may compel trial attendance within 100 miles of where the person "resides," "is employed," or "regularly transacts business in person"). Grier and Kuehn reside in Mission Hills and Overland Park, respectively, within 100 miles of the courthouse in Kansas City, Missouri. Grier and Kuehn also are owners and are employed by Warden Grier, a local law firm, and regularly transact business from Warden Grier's office in Prairie Village—also within 100 miles. Indeed, both Grier and Kuehn use Warden Grier's Prairie Village address in their Missouri and Kansas bar registrations.

   Hiscox personally served Grier with a valid trial subpoena and expects to imminently serve Kuehn as well. If Kuehn continues to evade service, Hiscox will seek this Court's approval of an alternative method of serving him.

   Further, Grier and Kuehn remain relevant to Hiscox's claim for professional negligence. Grier and Kuehn are two of Warden Grier's three owners and were intimately involved in Warden Grier's decisions not to review compromised data for PII or tell clients about the hack. Grier's testimony, in particular, is likely to support Hiscox's request for punitive damages. The Court should not permit Warden Grier to dictate to Hiscox which witnesses Hiscox will use to prove its case.

4. Hiscox is not currently aware of additional legal issues that are likely to be raised at trial. However, Hiscox does not currently know what affirmative defenses Warden Grier may seek to submit to the jury, if any. Hiscox reserves the right to contest the submissibility of one or more of those defenses.

B. Defendant's legal issues:

1. <u>Whether Plaintiffs can meet their burden of proof to reasonably establish damages</u>. Plaintiffs "must prove their damages to a reasonable degree of certainty." *900 Broadway v. AltosGroups*, No. 4:20-CV-00461-NKL, 2021 WL 681433, at *2 (W.D. Mo. Feb. 22, 2021). Plaintiffs will not be able to meet their burden of proof to demonstrate that the amounts incurred by Plaintiffs

32

would not have been incurred if Warden Grier had performed the allegedly required analysis of the compromised data in order to identify personally identifiable information ("PII") related to Plaintiffs and notify Plaintiffs of the PII (the "Hiscox Analysis").

    a.  The law firm, Cooley LLP, costs total $276,859.50. Cooley was engaged to advise Hiscox of its own legal and regulatory obligations and would have been hired to do so even if Warden Grier had conducted the Hiscox Analysis and provided the analysis to Hiscox. There is no evidence establishing that either of the Plaintiffs paid these invoices.

    b.  Epiq was engaged to send out notifications that Hiscox determined it had the legal obligation to send to its policyholders. Epiq's costs of $6,189.08 would have been incurred even if Warden Grier had conducted the Hiscox Analysis and provided the analysis to Hiscox. There is no evidence establishing that either of the Plaintiffs paid these invoices.

    c.  Brunswick is a public relations firm and it is unclear what the single entry of "Communications support for Project Harry" was for, but any public relations services provided by Brunswick would relate to the costs incurred by Hiscox to meet its own public relations obligations. Therefore, the Brunswick invoice of $107,456.00 represents costs Hiscox would have incurred even if Warden Grier had done the Hiscox analysis and provided the analysis to Hiscox. There is no evidence establishing that either of the Plaintiffs paid these invoices.

    d.  Invoices from Charles River Associates (CRA) have been produced but no witnesses have provided the proper foundation for these invoices. There is no evidence establishing that either of the Plaintiffs paid these invoices. Even if Plaintiffs can establish which of them incurred these costs, CRA found all the individuals with PII in the Hiscox-related documents (and tied many individuals to specific states) within weeks of receiving the Hiscox-related documents from the Warden Grier server. There are time entries related to the analysis of confidential and sensitive business information (not required to be done in the Hiscox Analysis) and any time spent doing additional analysis for Hiscox once the individuals, states, and types of PII were identified (in other words the Hiscox Analysis was complete) should not be attributable to Warden Grier.

2.  <u>Whether Plaintiffs are entitled to punitive damages.</u>

    a.  Punitive damages have not been properly plead and, therefore, are not recoverable at trial. *Hurst v. Nissan N. Am., Inc.*, No. 4:12-CV-1488-DGK, 2013 WL 65466, at *4 (W.D. Mo. Jan. 4, 2013), *aff'd*, 511 F.

33

App'x 584 (8th Cir. 2013). The only place Plaintiffs plead punitive damages is in the prayer for relief and have alleged no facts in the Complaint (the governing pleading which has never been amended) indicating that Warden Grier maliciously, willfully, intentionally, or recklessly injured either Plaintiff.

b. "In negligence cases, "[o]rdinarily [punitive damages] are not recoverable ... because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct." *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2017 WL 277607, at *11 (W.D. Mo. Jan. 19, 2017) (quoting *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985)). Furthermore, Punitive damages in negligence actions are available "only when the defendant knew or had reason to know that there was a high degree of probability that the action would result in injury." *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2017 WL 277607, at *11 (W.D. Mo. Jan. 19, 2017). Plaintiffs will not be able to establish any facts that go beyond those they have asserted as being related to the legal malpractice claim.

c. As this Court has noted, whether Warden Grier "failed to exercise that degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession" is a "fact question for the jury, which, with the assistance of expert evidence, must decide whether, given the specific facts of this case, the standard of care imposed by Warden Grier's duty [as Hiscox's attorneys] included a specific obligation to conduct the Hiscox Analysis." [Doc. 112], pp. 10-11. If there is a factual dispute about whether Warden Grier had any obligation to do the analysis Hiscox now alleges as the basis for the professional negligence claim, then the attorneys could not have <u>known or have reason to know</u> that there was a high degree of probability that the action (or inaction) would result in injury.

d. Plaintiffs cannot use jury instructions or motion briefing to amend their pleadings at this late stage of the litigation to add assertions that Warden Grier acted with "complete indifference or conscious disregard."

e. For the first time since filing the Complaint, Plaintiffs now allege that Warden Grier's actions were fraudulent – a claim which has not been plead with particularity as required by FRCP 9(b).

f. There can be no recovery of punitive damages if there are no actual or nominal damages and Plaintiffs have admitted that they are not claiming they were injured or have damages related to the delay between Warden Grier learning of the breach and Hiscox learning of the breach; therefore, any actions or inactions by Warden Grier during 2017 did not

KC 18261039.1

cause actual damages and cannot be used to support a claim for punitive damages.

    g. Warden Grier's data breach attorney did not "advise" or "urge" Warden Grier to analyze the data on the compromised server for the benefit of Hiscox (or any other client) or to provide notice to Hiscox.

3. <u>Whether the contracts governing the attorney-client relationship prevent Plaintiffs from recovering what analysis Plaintiffs would have been required to pay Warden Grier to perform</u>. Plaintiffs have admitted that the contracts attached to the Complaint govern the relationship between Warden Grier and Plaintiffs. [Doc. 6.2]. These contracts dictate the document retention policy for Warden Grier and if Hiscox instructs Warden Grier to retrieve retained documents, there is no charge to Hiscox; but <u>if Hiscox instructs Warden Grier to spend time reviewing retained documents or "undertake other work necessary to comply with [Hiscox] instructions"</u> then Warden Grier may "make a charge based upon time spent."

## IX. Unusual Evidentiary Questions

A. Plaintiff's unusual evidentiary questions:

1. Hiscox is not currently aware of unusual evidentiary questions the parties have not addressed in their motions in limine. As noted above, several of Warden Grier's motions in limine are far-reaching and seek to wall off entire categories of witnesses or evidence based on mischaracterizations of Hiscox's cause of action or this Court's summary judgment order. These issues are discussed in detail in Hiscox's opposition to Warden Grier's motions in limine (Doc. 126), and Hiscox respectfully directs the Court to its prior briefing rather than re-argue those issues here.

B. Defendant's unusual evidentiary questions:

1. Warden Grier has presented its evidentiary issues in the motions in limine briefing and Warden Grier respectfully directs the Court to its prior briefing for information.

KC 18261039.1

Respectfully submitted,

SPENCER FANE LLP

By */s/Michael W. Seitz*

    Daniel E. Blegen,        MO #47276
    Michael W. Seitz        MO #69337
    1000 Walnut, Suite 1400
    Kansas City, MO 64106
    (816) 292-8823
    (816) 474-3216 (fax)
    dblegen@spencerfane.com
    mseitz@spencerfane.com
    **Attorneys for Plaintiffs**

By */s/Andrea S. McMurtry*

    HORN AYLWARD & BANDY, LLC
    Robert A. Horn      MO #28176
    Andrea S. McMurtry  MO #62495
    2600 Grand Blvd., Suite 1100
    Kansas City, MO 64108
    816-421-0700
    816-421-0899 (fax)
    rhorn@hab-law.com
    amcmurtry@hab-law.com
    **Attorneys for Defendant**