WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HISCOX INSURANCE COMPANY INC. | ) | |
| and HISCOX SYNDICATES LIMITED | ) | |
| | ) | Case No. 4:20-cv-00237-NKL |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN GRIER, LLP | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF THE PLAINTIFFS' EVIDENCE

Defendant Warden Grier, LLP respectfully requests that this Court grant judgment in its favor as a matter of law under Fed. R. Civ. P. 50(a) on Plaintiffs' claim for professional negligence. In support of its Motion, Warden Grier states:

1.      The elements of a legal malpractice action are: (1) an attorney-client relationship; (2) negligence or breach of contract by the attorney; (3) proximate causation of client's damages; and (4) damages to the client. *Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. banc 1997).

2.      Plaintiffs must demonstrate that Warden Grier "failed to exercise that degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession." *Roseman v. Sigillito*, 785 F.3d 1175, (8th Cir. 2015) (citing *Roberts v. Sokol*, 330 S.W.3d 576, 581 (Mo. Ct. App. 2011)).

3.      Plaintiffs have failed to support through expert testimony the standard of care that Hiscox seeks to submit to the jury, specifically that Warden Grier, as attorneys for Hiscox, was to: (1) identify all individuals with PII; (2) identify the state of residence for each individual;

1

(3) identify the type of PII compromised for each individual (such as Social Security Number, Medical Information, etc.); and (4) associate each individual with an insured of Hiscox.

4.     Even if such a standard were submitted to the jury, Plaintiffs have failed to meet their burden of proof to submit reasonably certain damages which were directly caused by Warden Grier's failure to meet the standard of care.

5.     The evidence has shown that Hiscox incurred expenses it would have incurred even if Warden Grier had met the standard of care and Plaintiffs have not narrowed the damages accordingly prior to submission to the jury.

6.     Therefore, Plaintiffs have not met their burden of proving that Warden Grier was the proximate cause of the entirety of the claimed damages.

7.     Warden Grier is entitled to judgment as a matter of law because there is not a sufficient evidentiary basis for the jury to find in favor of Plaintiffs on their professional negligence claim.

8.     For the reasons stated herein and in Warden Grier's Suggestions in Support filed contemporaneously herewith, the Court should grant judgment as a matter of law in favor of Warden Grier.

WHEREFORE, Warden Grier, LLP seeks an Order granting judgment in its favor and against Plaintiffs on their professional negligence claim.

2

Dated: March 31, 2022                          Respectfully submitted,

                                               /s/ Andrea S. McMurtry
                                               HORN AYLWARD & BANDY, LLC
                                               Robert A. Horn MO #28176
                                               Andrea S. McMurtry MO #62495
                                               2600 Grand Blvd., Suite 1100
                                               Kansas City, MO 64108
                                               Telephone: 816-421-0700
                                               Facsimile: 816-421-0899
                                               rhorn@hab-law.com
                                               amcmurtry@hab-law.com

                                               *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2022, the foregoing was served through the Court's CM/ECF notification system, which will provide service to all counsel of record.

                                               /s/ Andrea S. McMurtry
                                               *Attorney for Defendant*

3